```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

RACHEL WHITENER                                    CIVIL ACTION

VERSUS                                             NO. 19-12696

ST. CHARLES PARISH AND                             SECTION: "B"(1)
CLAYTON FAUCHEUX

## ORDER AND REASONS

It is ordered that defendants' opposed motion to dismiss is **GRANTED**. Rec. Doc. 12.

Plaintiff Rachel Whitener asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. She alleges that defendants denied her pre-deprivation due process rights by failing to give her a hearing prior to terminating her employment.

Plaintiff was hired by the St. Charles Parish Department of Public Works and Wastewater in 2015. She was a Public Works Financial Officer, a classified position with the Civil Service of St. Charles Parish. Plaintiff copied files from the department's server on August 23, 2018. Defendants discovered the files on an unsecured drive on September 10, 2018. Plaintiff had subsequent conversations with defendants in which plaintiff was informed she was suspected of copying confidential files to a public network in contravention of governmental policies. On September 11, 2018, plaintiff was suspended pending an investigation. Subsequently on September 19, 2018, plaintiff was terminated for misconduct in connection with the unauthorized copying of confidential files.

1

Defendants filed this Rule 12(b)(1) motion to dismiss alleging lack of subject matter jurisdiction and failure to exhaust administrative remedies. Rec. Doc. 12. Plaintiff filed a memorandum in opposition, arguing there is no requirement to exhaust post-termination remedies prior to filing suit for deprivation of pre-termination due process rights. Rec. Doc. 13. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 17. Plaintiff submitted a sur-reply memorandum that will be considered now, after leave to file same was previously denied. Rec. Docs. 15 & 18.

## LAW AND ANALYSIS

Federal court subject matter jurisdiction is granted pursuant to 28 U.S.C. §§ 1331 and 1332, where § 1331 provides for federal question jurisdiction and § 1332 provides for diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, 126 S.Ct. 1235, 1244 (2006). In determining federal question jurisdiction, the Court looks to see "whether a case 'arises under federal law'..." '. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n*

of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The standard of review applicable to motions to dismiss under Rule 12(b)(1)is similar to that applicable to motions to dismiss under Rule 12(b)(6)" except that the Rule 12(b)(1)standard permits the Court to consider a broader range of materials in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne*, 533 F.3d 360, 364-65 (5th Cir. 2008). A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

A party may "facially" or "factually" attack the basis of the Court's subject matter jurisdiction on a 12(b)(1) motion. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted). When the moving party makes a "facial attack," it limits its arguments to the four corners of the complaint and urges the court "merely to look and see if plaintiff

3

has sufficiently alleged a basis of subject matter jurisdiction, [when] ... the allegations in his complaint are taken as true for purposes of the motion." *Id.* When the moving party makes a "factual attack," it goes beyond the pleadings and challenges "the existence of subject matter jurisdiction in fact." *Id.*

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his/her claims entitling them to relief. *Wagstaff v. United States Dep't of Educ.,* 509 F.3d 661, 663 (5th Cir.2007); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs),* 668 F.3d 281, 287 (5th Cir. 2012).

The defendant has asserted a factual attack on subject matter jurisdiction. Rec. Doc. 17 at 5. Plaintiff's original complaint and the opposition to this motion to dismiss assert causes of action for denial of pre-deprivation due process rights in which plaintiff argues she was denied a hearing prior to termination of her employment. Rec. Doc. 1 and 13.

Plaintiff acknowledges that this court may consider evidence submitted in connection with a Rule 12(b)(1) motion to the extent that it is necessary to determine whether the court has jurisdiction. Rec. Doc. 15-2. While further acknowledging her burden to submit facts to establish subject matter jurisdiction in response to a factual attack upon same, plaintiff argues that the

4

factual attack on jurisdiction does not entitle defendant to introduce evidence as to the merits of the case. *Id.*

We agree that a merit review of the grounds for termination is not in order at this stage. However, jurisdiction here is based on a denial of pre-termination due process. When a defendant makes a factual attack on jurisdiction by submitting relevant allegations in the complaint and record evidence of plaintiff's undisputed admissions, plaintiff is required to submit facts "through some evidentiary method" to prove "by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Pre-termination due process requires "'some kind of hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (*quoting Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972)). The hearing need not be elaborate. *Id*. at 544. The employee is entitled only to "notice and an opportunity to respond." *Id*. at 546.

Plaintiff alleges she was never given a "pre-termination opportunity to be heard in defense of the charges and evidence against her". (Doc. 1, Complaint ¶ 23). Prior to termination, she acknowledges in her complaint of having meetings with the Director of Public Works for St. Charles Parish, the Assistant Director of

5

the Department, the Personnel Director of St. Charles Parish, and the Head of Procurement for St. Charles Parish, "in which Ms. Whitener was informed that she was suspected of copying 'confidential' files to a public network drive." *Id*. at ¶14. She acknowledged without dispute that "[o]n September 13, 2018, [she] met with the Parish President and the head of Procurement to discuss what happened." (Doc. 12-3, Ex. A-1, p. 6). During the meeting with the Parish President and Head of Procurement, and again without dispute, plaintiff in defense of claims against her "explained that [she] was never informed that a network drive with limited access containing confidential files existed in our office." *Id*. After being told during the meeting that her actions constituted a breach of trust, plaintiff acknowledged in response "that [she] made a mistake, and [she] was not trying to violate trust. [She] made the screen shots of the documents that [she] actually opened, so that in case the dates changed [they] would have proof that the content had not changed." (Doc. 12-3, Ex. A-1, p. 6-7).

Plaintiff further admits, without dispute, "[a]fter hearing me out, the Parish President asked if I would meet with Faucheux, Department Director, to discuss everything and try to clear the air." (Doc. 12-3, Ex. A-1, p. 7). During the meeting with the Department Director, plaintiff states they "all sat down in Mr. Cochran's office. [She] went through everything 'again' and said

6

[she] wasn't trying to hurt anyone, [she] was trying to make sure that the parish had proof that the records had not changed." (Doc. 12-3, Ex. A-1, p. 7). After being informed of claims that she intentionally made copies of confidential forms for someone who was filing a grievance, she offered the defense that she "didn't know that the department had anything that wasn't public, and [she] did so to protect us from a public records request which may have made the files look fishy if the date modified had changed." (Doc. 12-3, Ex. A-1, p. 7). The foregoing admissions by plaintiff are undisputed and are only cited for the analysis of the jurisdictional legal issue of pre-termination due process.

Considering the complaint and undisputed facts, plaintiff was given an opportunity to defend her position before the Parish President and attempted to clear the air with the Department Director prior to her termination. She was provided with and exercised her right to invoke the discretion of the decisionmaker before she was terminated. *See Browning v. City of Odessa*, 990 F.2d 842, 844-45 (5th Cir. 1993) (determining that plaintiff's thirty-minute meeting with his superior constituted an adequate pre-termination hearing "since a full evidentiary post-termination hearing was available"). Defendants' "factual attack" on jurisdiction is based on affidavits, testimony, and other evidentiary material attached to their Rule 12(b)(1) motion. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a

7

factual attack upon jurisdiction and in response to submissions made by the movant, the burden is placed on the plaintiff to submit facts through some evidentiary method and prove by a preponderance of the evidence that the trial court does have subject matter jurisdiction. *Id*. As seen earlier from plaintiff's multiple admissions in her complaint, her statements about pre-termination meetings with supervisory officials contained in her grievance process statement, and from her responses to instant factual attack upon jurisdiction, she has not shown relevant or material facts to maintain jurisdiction over the claim for pre-termination due process. Plaintiff's own version of pre-termination events show compliance with pre-termination due process rights, the basis for jurisdiction. Availability of federal court relief on that basis has not been shown. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012). Dismissal for lack of jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

New Orleans, Louisiana this 8th day of September 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE