UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACHEL WHITENER                              CIVIL ACTION

VERSUS                                       NO. 19-12696

ST. CHARLES PARISH AND                       SECTION "B"(1)
CLAYTON FAUCHEUX

<u>ORDER AND REASONS</u>

Before the Court are plaintiff's "Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. 59(e)" (Rec. Doc. 21) and defendants' opposition (Rec. Doc. 22). For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED**.

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff Rachel Whitener ("Whitener") was hired by the defendant St. Charles Parish Department of Public Works and Wastewater ("Department") in 2015. Rec. Doc. 1 at 2-3. Prior to her September 2018 termination, plaintiff was a Public Works Financial Officer, a classified position within the Parish Civil Service of St. Charles Parish. *Id.* at 3.

In the summer of 2018, fellow Department employee Blake Schexnaydre ("Schexnaydre") asked Whitener for her help in preparing a discrimination complaint against the Department. *Id.* Plaintiff agreed to assist Schexnaydre in drafting his grievance papers. *Id.*

1

On August 22, 2018, upon receipt of Schexnaydre's grievance, defendant Clayton Faucheux ("Faucheux"), who served as the Director of Public Works, confronted Whitener about her role in the grievance. *Id.* at 4. Plaintiff admitted to assisting Schexnaydre but "clarified that the words and ideas expressed" belonged to Schexnaydre and never assisted him in the workplace. *Id.*

Whitener advised Schexnaydre to request copies of the interview sheets sought by him, and the latter expressed concern that Department employees may alter the records before producing them. *Id.* Although Whitener did not believe Schexnaydre's concern to be realistic, she agreed to take a screenshot of the list of names on the server to record the "date modified" for each file. *Id.* According to the complaint, Whitener believed the screenshots would protect the Department if Schexnaydre "incorrectly alleged that the files were changed to a later date." *Id.* Whitener later considered the possibility that the "date modified" could be changed without the contents of the documents actually being changed and instead took screenshots of the documents' contents. *Id.* at 4-5. On August 23, 2018, plaintiff copied the files from a folder on the Department's server and created a document containing the screenshots. *Id.* at 5.

Defendant Faucheux and other high-ranking employees in the Department informed Whitener that she was suspected of copying

confidential files to a public network drive. *Id.* On September 11, 2018, Whitener was suspended, pending the results of the IT investigation. *Id.*

According to plaintiff, on September 19, 2018, Faucheux sent Whitener a notice, informing her that she was terminated "for misconduct" without further explanation. *Id.* at 6. On October 11, 2018, plaintiff submitted a grievance to Faucheux, alleging that her termination was in violation of the St. Charles Parish Civil Service Rules and Regulations, her right to Due Process, and Title VII of the Civil Rights Act of 1964. *Id.* On November 6, 2018, Faucheux upheld Whitener's termination. *Id.*

On September 19, 2019, plaintiff filed the instant complaint against the defendants, alleging denial of her pre-deprivation due process rights under the Fourteenth Amendment of the U.S. Constitution. *Id.* at 7.

On November 8, 2019, defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to exhaust administrative remedies. Rec. Doc. 12. Defendants alleged that the Court lacked subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies prior to filing her federal complaint. Rec. Doc. 12-1 at 4-5. Defendants further alleged that the Louisiana Constitution authorizes the state Civil Service Commission to oversee employment matters of classified employees;

thus, they maintained that plaintiff should have presented her claims to the pertinent civil service board. *Id.* at 6.

On November 26, 2019, plaintiff filed her opposition to the motion to dismiss, alleging that she is not required to exhaust post-termination remedies before filing the instant suit. Rec. Doc. 13 at 1. Moreover, plaintiff alleged that her failure to exhaust post-deprivation state remedies did not affect her claim of denial of pre-deprivation due process. *Id.* at 2. Thus, plaintiff asserted that this Court had exclusive jurisdiction over her claims pursuant to 28 U.S.C. § 1331. *Id.* at 3.

On December 4, 2019, defendants were granted leave to file a reply to plaintiff's opposition. Rec. Doc. 14. Defendants alleged therein that plaintiff received oral notice of the charges against her as permitted by law. Rec. Doc. 14-2 at 2. Moreover, defendants alleged that plaintiff was presented a pre-termination opportunity to be heard on multiple occasions, including a meeting with the parish president and head of procurement to discuss the incident. *Id.* at 3. Lastly, defendants prayed that the Court consider their factual attack on jurisdiction through affidavits, testimony, and other evidentiary material attached to their motion. *Id.* at 6. As such, defendants alleged that their factual attack should be sustained in light of plaintiff's multiple admissions in her complaint and grievance to receiving pre-termination due process. *Id.*

On December 11, 2019, this Court denied plaintiff leave to file a sur-reply as unnecessary. Rec. Doc. 18.

On September 8, 2020, this Court granted defendant's motion to dismiss. Rec. Doc. 19. Upon considering the complaint and undisputed facts, we determined that the plaintiff was given an opportunity to defend her position before the Parish President and attempted to clear the air with the Department Director prior to her termination. *Id.* at 7. Thus, she was given an opportunity to exercise her right to invoke the discretion of the decisionmaker before she was terminated. *Id.* Accordingly, we dismissed the matter without prejudice for lack of subject matter jurisdiction. Rec. Doc. 20.

On October 6, 2020, plaintiff filed a motion to alter the judgment, alleging generally that the Court erred on three grounds: (1) applying the incorrect legal standard, (2) finding that it lacked jurisdiction because plaintiff had not asserted a valid claim for relief on the merits, which she alleges is not a consideration before the Court on a Rule 12(b)(1) motion and (3) not reaching a conclusion on defendants' sole jurisdictional argument as to whether the plaintiff failed to exhaust her administrative remedies. Rec. Doc. 21 at 3.

On October 20, 2020, defendants timely filed an opposition, alleging that a Rule 59(e) amendment is unwarranted if the

plaintiff simply disagrees with the judgment and cannot meet her burden to present a manifest error. Rec. Doc. 22.

## LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 59(e) Standard

A motion pursuant to Federal Rule of Civil Procedure 59(e) is "a motion that calls into question the correctness of a judgment." *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). When a party seeks to amend or alter a court's judgment under Rule 59(e), she must "clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot. . . raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A court may grant a Rule 59(e) motion for the following limited reasons: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) need to correct manifest errors of law or fact. *See id.* at 567-68.

### B. Applying the Plausibility Standard to a Rule 12(b)(1) Motion

Plaintiff claims the Court misapplied the 12(b)(6) standard to defendants' 12(b)(1) motion and incorrectly determined the

plausibility of her claim without reference to jurisdiction. Rec. Doc. 21-1 at 4.

Furthermore, plaintiff argues that the Court misstated the law in *Wagstaff* and *In re FEMA Trailer* based on a "mis-citation" to the Supreme Court's holding in *Hospital Building Company*. *Id.* at 6; *see* Rec. Doc. 19 at 4. Both *Wagstaff* and *In re FEMA Trailer* contain the following language: "a motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012); *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007). Accordingly, the *Wagstaff* Court supplied this standard from its previous decision in *Benton*, which cited to the *Hospital Building Company* case that plaintiff believes was mis-stated. *Id.; see Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992) (affirming the district court's dismissal of plaintiff's claims by applying the Rule 12(b)(6) standard) ("We employ the same standard in reviewing dismissals for lack of subject matter jurisdiction under Rule 12(b)(1).")

In *Hospital Building Co.*, the defendants sought to dismiss the matter under both 12(b)(1) and 12(b)(6), primarily arguing that the amended complaint lacked sufficient factual allegations.

7

*Hosp. Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 742 (1976). The district court granted the defendants' motion, which was subsequently affirmed by the Fourth Circuit. *Id.* The Supreme Court noted that the Fourth Circuit treated the decision as a holding under Rule 12(b)(6) despite having "perceived some ambiguity as to whether the [d]istrict [c]ourt decision was grounded on Rule 12(b)(1) or Rule 12(b)(6)." *Id.* The Court ultimately held that "a complaint should not be dismissed *for failure to state a claim* unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 746 (emphasis added).

Plaintiff emphasizes this language to suggest that the Supreme Court intended for this standard to only apply to motions to dismiss under Rule 12(b)(6). Rec. Doc. 21-1 at 7. However, plaintiff appears to omit a footnote that followed the Court's acknowledgment that the lower courts treated the motion as a dismissal based on Rule 12(b)(6). The Court stated, "We, too, will treat the dismissal as having been based on Rule 12(b)(6). However, our analysis in this case would be no different if we were to regard the District Court's action as having been a dismissal for want of subject matter jurisdiction under Rule 12(b)(1)." *Hosp. Build. Co.*, 425 U.S. at 742, n.1. Therefore, *Hospital Building Company* does not impact the applicable standard in *Wagstaff* and *In re FEMA Trailer* to dismiss the claims under Rule 12(b)(1).

The standard applied in dismissing plaintiff's claims are consistent with binding jurisprudence that permits employing the so called "plausibility" standard traditionally used in Rule 12(b)(6) motions to Rule 12(b)(1) motions. As such, plaintiff failed to demonstrate manifest error of law or fact upon which the dismissal was based.

Furthermore, defendants argue that plaintiff fails to present any new evidence that she was denied a pre-termination hearing that may warrant amending the judgment. Rec. Doc. 22 at 6. A motion seeking Rule 59(e) relief is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479; *see Raymond v. Blair*, No. 09-5507, 2010 WL 3283098, at *3 (E.D.La Aug. 17, 2010).

Here, plaintiff does not set forth any new evidence that indicates a denial to a pre-termination hearing by defendants. Rather, plaintiff only directs the Court's attention to allegations in the complaint, asserting that defendants only informed her of their suspicions that she copied confidential files to a public network drive and that she was subsequently suspended pending the results of the IT investigation. Rec. Doc. 21-1 at 10. This argument does not dissuade our previous findings that defendants gave plaintiff an opportunity to defend her position and even "clear the air" with the Department Director before her

termination. Rec. Doc. 19 at 7. Plaintiff has not presented new evidence that would necessitate amendment.

Lastly, because plaintiff's legal assertions were overcome by well-established binding authority, we also find that plaintiff has not presented an intervening change in controlling law. Therefore, plaintiff has failed to raise a material argument that indicates a legal error was committed relative to the legal standard used to dismiss her claims.

**C. Exhaustion of Administrative Remedies**

We again emphasize that a motion pursuant to Rule 59(e) "is not the place to cite authority that should have been presented to the Court in the first place." *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007)(Vance, J.)(declining to reconsider its previous judgment because the movants' arguments that were not previously raised concerned cases that were already discussed in the court opinion). However, the court's "failure to address a key legal argument is an appropriate basis for a Rule 59(e) motion." *Garziano v. Louisiana Log Home Co., Inc.*, 569 Fed. Appx. 292, 300 (5th Cir. 2014)(finding that the lower court committed legal error in failing to address the merits of plaintiff's Rule 59(e) motion)(citing *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1472 (5th Cir. 1989)(remanding the case to the district court to rule on

contentions in the Rule 59(e) motion it had previously not addressed)).

Plaintiff asserts that this Court should amend its judgment because we did not address defendants' "sole jurisdictional argument" regarding plaintiff's alleged failure to exhaust administrative remedies. Rec. Doc. 21-1 at 8. In plaintiff's original opposition, she argues that defendants' failure-to-exhaust argument is insufficient to invalidate jurisdiction because exhaustion is not a prerequisite to her claim. Rec. Doc. 13 at 5-6.

Following an extensive analysis of 42 U.S.C. § 1983's legislative history, the Supreme Court concluded that exhaustion of administrative remedies is not a prerequisite to bringing a Section 1983 claim. *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *see Jackson v. St. Charles Parish Housing Authority Board of Commissioners*, 441 F. Supp. 3d 341, 353 (E.D.La. 2020)(Ashe, J.)("It is well-established that § 1983 claims do not require exhaustion of state administrative or judicial remedies."). Moreover, the Fifth Circuit stated that exhaustion is often regarded as an affirmative defense; thus, the plaintiff is not required to plead exhaustion in the complaint. *LeBeouf v. Manning*, 575 Fed. Appx. 374, 378 (5th Cir. 2014); *see also Spencer v. Cain*, 272 F.App'x 342, 343 (5th Cir. 2008)(vacating the district court's dismissal of prisoner's Section 1983 claims for failure to

11

exhaust)("an inmate's failure to exhaust a § 1983 claim is an affirmative defense, and inmates are not required to specifically plead or demonstrate exhaustion in their complaint"). Within the dismissal context, the court may only consider a failure-to-exhaust defense when raised in a 12(b)(6) motion. *See Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 4 (5th Cir. 2004) ("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies.").

In *Jackson v. St. Charles Parish Housing Authority Board of Commissioners,* this Court recently held that procedural due process claims may not be dismissed solely because the plaintiff chose not to pursue a post-deprivation administrative remedy with the civil service commission ("CSC"). *Jackson*, 441 F. Supp. 3d at 354 ("None of these cases [relied upon by defendants] held that 'a plaintiff who chooses not to pursue a *post*-deprivation remedy is precluded from claiming that [she] was unconstitutionally denied *pre*-deprivation process.'"). Moreover, the Court held that "the CSC does not have jurisdiction to hear § 1983 claims." *Id.* at 353 (quoting *Childress v. City of New Orleans*, 2006-0003 (La. App. 4 Cir. 2/15/06); 2006 WL 6912826, at *12)).

Here, because a Rule 12(b)(1) motion is the wrong vehicle to raise defendants' failure-to-exhaust argument, we could not dismiss plaintiff's claim for want of subject matter jurisdiction based on this defense alone. Even if defendants properly raised

12

their exhaustion defense, it would have likely failed because Whitener was not required to pursue post-termination remedies before filing the instant suit. However, bypassing the issue of exhaustion does not constitute legal error because defendants nonetheless properly raised a factual attack on the exercise of jurisdiction.

In her Rule 59(e) motion, plaintiff cites to *Paterson v. Weinberger*, upon which this Court relied in its opinion, and suggests that we should have followed the Fifth Circuit's analysis in finding that the plaintiff exhausted his administrative remedies without conducting a plausibility determination of his claim. Rec. Doc. 21-2 at 8; *see Paterson v. Whitener*, 644 F.2d 521 (5th Cir. 1981).

The *Paterson* Court reviewed the defendant's "facial attack" on jurisdiction, and upon review of the plaintiff's complaint alone, it found that the plaintiff alleged that he exhausted all administrative remedies made known to him. *Id.* at 523-24. The court reversed the dismissal for lack of subject matter jurisdiction and remanded the case to provide the plaintiff an opportunity to show that he complied with the statutory requirements under the then-newly extended ADEA. *Id.* at 524-25.

This Court cited to *Paterson* to demonstrate the difference in legal standards and evidentiary methods that are required in a facial attack versus a factual attack on jurisdiction. Rec. Doc.

19 at 5. Although *Paterson* contains good law that is binding on this Court, we cannot reach the same conclusion that dismissal was erroneous because the factual and procedural circumstances surrounding this matter are not the same.

As previously discussed in our opinion, the defendants raised a factual attack on jurisdiction by submitting evidence beyond the complaint, whereas the *Paterson* defendants only raised a facial attack that is limited to the complaint. *See* Rec. Doc. 19 at 4. Additionally, the Fifth Circuit analyzed whether the plaintiff exhausted his administrative remedies prior to filing the suit because the ADEA expressly provides claimants two procedural avenues of relief. *Paterson*, 644 F.2d at 523-24. Here, the defendants' factual attack was not based on Whitener's failure to exhaust but on her admissions that she was presented a pre-termination opportunity to defend the charges levied against her. Rec. Doc. 17 at 4. Thus, because plaintiff could not meet her burden to establish subject matter jurisdiction in view of her own admissions, we found that the defendants complied with pre-termination due process and dismissed the action. Rec. Doc. 19 at 8.

The exhaustion issue does not foreclose our analysis and conclusively require amendment because subject matter jurisdiction nonetheless does not exist. Without rendering a decision on the merits, we concluded that plaintiff could not identify a single

14

moment wherein she was denied her due process rights to notice and a pre-termination hearing. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Plaintiff's failure to do so then and now is fatal to maintaining subject matter jurisdiction over this claim. Thus, the requested amendment would be futile.

New Orleans, Louisiana this 30th day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE